**3**

Christina J. O., # 266845
Dane W. Exnowski, #281996
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California  92612
Phone:  (949) 252-9400
Facsimile:  (949) 252-1032

Attorneys for Movant

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No. 14-27364 |
| Ponciano Santos Palaruan, | R.S. No. CJO-1 |
| Debtor. | Chapter 13 |
| The Bank of New York Mellon Trust Company, N.A., as Trustee for CWABS, Inc., Asset-Backed Certificates Trust 2005-AB4, | |
| Movant, | HEARING |
| vs. | DATE: September 23, 2014 |
| | TIME:  10:00 AM |
| | CTRM: 34 |
| Ponciano Santos Palaruan, Debtor, and Russell D. Greer, Trustee, | |
| Respondents. | |

## THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR CWABS, INC., ASSET-BACKED CERTIFICATES TRUST 2005-AB4'S MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER)

**TO THE HONORABLE ROBERT S. BARDWIL, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

The Bank of New York Mellon Trust Company, N.A., as Trustee for CWABS, Inc., Asset-Backed Certificates Trust 2005-AB4, hereby moves this Court for an order terminating the

automatic stay of 11 § U.S.C 362 as to Movant in the above-entitled and numbered case so that Movant proceed with its Unlawful Detainer action in state court to obtain possession of Property commonly known as 10374 River Bluff Lane, Stockton. CA 95209.  Relief is being sought pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2) and (d)(4). The Motion is being made on the following grounds:

1.  Pursuant to § 362(d)(1), the Court shall grant relief from the automatic stay for "cause." Movant submits "cause" exists to terminate the automatic stay because Debtor has no right to continued occupancy of the Property due to a pre-petition foreclosure sale.

2.  Furthermore, pursuant to § 362(d)(2), the Court shall grant relief from the automatic stay if (a) the Debtor does not have equity in the subject property as Debtor is no longer the owner of the Property and (b) such property is not necessary for an effective reorganization.

3.  Moreover, pursuant to § 362(d)(4), the Court shall grant relief from the automatic stay if the filing of the petition was part of a scheme to delay and hinder, or defraud creditors that involves multiple bankruptcy filings affecting such real property. Movant asserts that the Debtor and the co-defendant in the unlawful detainer state court action have utilized the filing of bankruptcy cases to delay and hinder Movant from obtaining possession of the Property.  The instant case is the fourth bankruptcy petitions affecting the Property since the recordation of the Notice of Sale of the Property.  Furthermore, Movant has already obtained relief in a prior case filed by a co-defendant in the unlawful detainer state court action. Therefore, the filing of the instant case, along with the other prior bankruptcies were all a part of a scheme to delay, hinder or defraud.

Based upon Debtor having no continued right of occupancy, there being no equity in the property to benefit Debtor, the property not being necessary for reorganization, and based upon Debtor efforts to delay, hinder, or defraud Movant through multiple bankruptcy filings, Movant respectfully requests relief from the automatic stay pursuant to § 362(d)(1), (d)(2), and (d)(4).  Movant also respectfully requests a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

This Motion is also based upon the Declaration, Relief from Stay Coversheet, and the Memorandum of Points and Authorities attached hereto, Request for Judicial Notice, as well as upon

the documents filed in support of the Motion.

DATED: August 28, 2014                    Respectfully Submitted,

                                          MALCOLM ♦ CISNEROS, A Law Corporation


                                          By: /s/ Christina O
                                              Christina O
                                              Attorney for Movant