Christina J. O., # 266845
Dane W. Exnowski, #281996
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California  92612
Phone:  (949) 252-9400
Facsimile:  (949) 252-1032

Attorneys for Movant

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>Ponciano Santos Palaruan,<br><br>                Debtor. | Bankruptcy Case No. 14-27364<br><br>R.S. No. CJO-1<br><br>Chapter 13 |
| The Bank of New York Mellon Trust Company, N.A., as Trustee for CWABS, Inc., Asset-Backed Certificates Trust 2005-AB4,<br>                Movant,<br>vs.<br><br>Ponciano Santos Palaruan, Debtor, and Russell D. Greer, Trustee,<br>                Respondents. | HEARING<br>DATE: September 23, 2014<br>TIME:  10:00 AM<br>CTRM: 34 |

**THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR CWABS, INC., ASSET-BACKED CERTIFICATES TRUST 2005-AB4'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELIEF FROM STAY (UNLAWFUL DETAINER)**

**TO THE HONORABLE ROBERT S. BARDWIL, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

        **PLEASE TAKE NOTICE** that The Bank of New York Mellon Trust Company, N.A., as Trustee for CWABS, Inc., Asset-Backed Certificates Trust 2005-AB4 ("The Bank of New York

Mellon"), hereby files this Memorandum of Points and Authorities in support of its Motion for Relief From The Automatic Stay (Unlawful Detainer) (the "Motion") in the above-entitled and numbered Chapter 13 case.

## I.

## INTRODUCTORY STATEMENT

The Bank of New York Mellon requests the Court to grant it relief from the automatic stay to proceed with an Unlawful Detainer action and eviction against the Debtor including a request for relief pursuant § 362(d)(4) so that the recordation of the Court Order shall be binding and effective in any other bankruptcy case purporting to affect the Property filed not later than two years after the date of the entry of this Order.

## II.

## STATEMENT OF FACTS

1. **The Property at Issue**. Movant moves for relief from the automatic stay to obtain possession of the residential premises located at 10374 River Bluff Lane, Stockton, CA 95209 ("Property").

2. **The Notice(s) of Sale.** On November 10, 2011, a Notice of Sale of the Property was recorded with the San Joaquin County Recorder's Office, which indicated a trustee's sale date of December 1, 2011. *See* Request for Judicial Notice ("RJN"), Exhibit "1."

On December 4, 2013, a subsequent Notice of Sale of the Property was recorded with the San Joaquin County Recorder's Office, which indicated a trustee's sale date of December 27, 2013. *See* RJN, Exhibit "2."

3. **The Movant's Interest in the Property.** In its capacity as Counsel for Movant in the eviction action, Malcolm ♦ Cisneros, a Law Corporation ("MC"), was informed that on December 30, 2013, the Property was sold at public auction pursuant to a foreclosure sale. Movant was the successful purchaser of the Property. The Trustee's Deed Upon Sale was recorded on January 9, 2014, in the Official Records of the San Joaquin County Recorder's Office as Instrument Number 2014-002364. A true and correct copy of the Trustee's Deed Upon Sale is attached as Exhibit "1."

4. **The Procedural Status of Eviction.** Movant issued a Notice to Vacate on all

known and unknown occupants on January 24, 2014. A true and correct copy of the Notice to Vacate is attached as Exhibit "2." On January 31, 2014, Movant filed a Verified Complaint for Unlawful Detainer and Summons in the Superior Court of California, County of San Joaquin, as case number 39-2014-00307126-CL-UD-STK. A true and correct copy of the Complaint is attached as Exhibit "3." The exhibits to the Verified Complaint have been intentionally omitted and can be produced if requested.

Movant filed a Motion for Summary Judgment ("MSJ") in the UD Action scheduling a hearing for May 8, 2014. Two days prior to the scheduled MSJ hearing date defendant Brigida Gasmen Palaruan filed a Chapter 13 Petition as Case No. 14-24774 ("Third Case"). Due to the Third Case, the hearing on the MSJ was continued to July 22, 2014. Five days prior to the newly scheduled hearing of July 22, 2014, Ponciano Santos Palaruan filed the instant Chapter 13 Petition as Case No. 14-27364 ("Instant Case" or "Fourth Case"). The hearing on the MSJ has been continued to December 2, 2014.

5. **<u>Previous Filings Affecting the Property</u>**. There have been three previous bankruptcy petitions filed asserting an interest in the Property as follows:

On or about November 29, 2011, Brigida Gasmen Palaruan filed a Chapter 13 Petition as Case No. 11-47774 ("First Case"). The case was dismissed on December 29, 2011 for failure to file information. *See* RJN, Exhibit "3."

On or about October 27, 2012, Ponciano Santos Palaruan and Brigida Gasmen Palaruan filed a Chapter 13 Petition as Case No. 12-39049 ("Second Case"). The case was dismissed due to failure to make plan payments. *See* RJN, Exhibit "4."

On or about May 6, 2014, Brigida Gasmen Palaruan filed a Chapter 13 Petition as Case No. 14-24774 ("Third Case"). *See* RJN, Exhibit "5." Movant filed a Motion for Relief and the Court entered a civil minute order granting relief from the automatic stay as to the Property on June 12, 2014. A true and correct copy of the entered order is attached as Exhibit "4." The case was dismissed on July 25, 2014 for the debtor's failure to make plan payments.

6. **<u>The Filing Of The Instant Petition.</u>** On or about July 17, 2014, Ponciano Santos Palaruan filed the instant Chapter 13 Petition as Case No. 14-27364. MC was notified of the instant bankruptcy filing on July 21, 2014 via facsimile transmittal. Movant refrained from proceeding with the unlawful detainer action as soon as the bankruptcy filing was discovered.

### III.

### RELIEF FROM STAY SHOULD BE GRANTED UNDER
### SECTION 11 U.S.C. 362(d)(1) BECAUSE THE DEBTOR HAS NO RIGHT TO CONTINUED OCCUPANCY OF THE PREMISES.

The evidence demonstrates that the Debtor has no right to continued occupancy of the Property. The Movant had acquired title to the premises by foreclosure sale prepetition, and recorded the deed in accordance with state law pre-petition. Based on the foregoing, the stay should be terminated immediately. The Bank of New York Mellon has satisfied its burden under Section 362(d)(1).

### IV.

### RELIEF FROM STAY SHOULD BE GRANTED UNDER
### SECTION 362(d)(2) BECAUSE THERE IS NO
### EQUITY IN THE PROPERTY AND THE PROPERTY IS NOT EFFECTIVE FOR REORGANIZATION.

The evidence demonstrates that there is no equity in the Property to benefit Debtor and the Property is not effective for reorganization because The Bank of New York Mellon is the owner of the Property. Based on the foregoing, the stay should be terminated immediately. The Bank of New York Mellon has satisfied its burden under Section 362(d)(2).

### V.

### EXTRAORDINARY RELIEF SHOULD BE GRANTED UNDER SECTION 362(d)(4) BECAUSE OF MULITIPLE BANKRUPTCY FILINGS AS PART OF A SCHEME TO DELAY, HINDER, OR DEFRAUD MOVANT.

Pursuant to 11 U.S.C § 362(d)(4), the Court shall grant relief from the stay if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either transfer of all or part ownership of or other interest in such real property without the consent of the secured creditor or court approval, or multiple bankruptcies affecting such real property.

There have been in total four bankruptcy cases that have affected the Property. Although the First Case and the Second Case were filed prior to the foreclosure sale of the Property, Movant

asserts the First Case, which was filed two days prior to the scheduled foreclosure sale date of December 1, 2011, was filed in an effort to delay the foreclosure sale of the Property.

The filing of the instant case has also again delayed Movant from proceeding with a hearing on its MSJ in the UD Action. On May 8, 2014, the morning of the hearing on Movant's MSJ, Movant's counsel's office was notified of the Third Case filed by Brigida Palaruan's on May 6, 2014 via facsimile. Therefore, Movant continued the MSJ hearing until relief from stay was obtained. Movant filed a Motion for Relief and a civil minute order granting relief from the automatic stay as to the Property was entered on June 12, 2014, and thereafter the Third Case was dismissed July 25, 2014.

Movant's MSJ hearing was again scheduled to be heard on July 22, 2014. The day prior to the scheduled hearing Movant's counsel's office was notified via facsimile that the instant case was filed on July 17, 2014. As a result, Movant's MSJ hearing has again been continued.

As a result of bankruptcy filings affecting the Property, Movant has been delayed and hindered from proceeding with its available state law remedies. Therefore, Movant respectfully requests relief pursuant to § 362(d)(4) so that upon the recordation of the Court Order, the Order shall be binding and effective in any other bankruptcy case purporting to affect the Property filed not later than two years after the date of the entry of this Order, except that a Debtor in a subsequent bankruptcy case may move for relief from the Order based upon good cause shown after notice and hearing.

## VI.
## CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should terminate the automatic stay to allow The Bank of New York Mellon to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the Property including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

DATED: August 28, 2014            Respectfully Submitted,

                                        MALCOLM ♦ CISNEROS, A Law Corporation
                                        By: /s/ *Christina O*
                                              Christina O
                                              Attorneys for Movant